UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JMA VENTURES, LLC, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>STARWOOD HOTELS AND RESORTS WORLDWIDE INC.,<br><br>   Defendant. | Case No. 16-cv-01941-JD<br><br>**ORDER ON MOTION TO SEAL**<br><br>Re: Dkt. Nos. 36, 37 |

On June 30, 2016, the Court lifted the sealing order in this case going forward, Dkt. No. 34, and gave the parties an opportunity to establish what portions, if any, of the record should remain under seal. Defendant Starwood Hotels and Resorts Worldwide, Inc. ("Starwood") has filed an administrative motion to seal portions of the complaint and motion to dismiss. Dkt. No. 37. The Court grants the motion.

Because the motion to dismiss the complaint is potentially dispositive of this case, Starwood acknowledges that it must provide "compelling reasons" to overcome the "strong presumption of access to judicial records" for dispositive motions. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quote omitted). Under Civil Local Rule 79-5, Starwood needs to show that a "document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," *i.e.*, is "sealable." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*. When ordering sealing in this context, the district court must "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

1    Starwood has narrowly tailored its request so that only those limited portions of the
2    complaint, motion, and attachments that refer to specific financial information and terms of the
3    will be sealed. Specifically, it seeks to seal "information that relates to valuations of the hotel
4    property" at issue in the case, including "proposed financial terms" of the deal. Dkt. No. 37 at 2.
5    The request is accompanied by a declaration from Cynthia Potter, a Vice-President of Real Estate
6    Investment Management at Starwood, who states why Starwood considers these particular
7    financial terms to be trade secrets and how exposure of these details could disadvantage Starwood
8    in negotiations that are key to its current business plan. *See* Dkt. No. 37-1 ¶¶ 2, 6-15. The Court
9    is satisfied that Starwood has demonstrated compelling reasons to seal its hotel valuation and
10   financial information, as detailed in the attached table, and as reflected in the redacted copies of
11   the complaint, motion, and attachments filed at Dkt. No. 37-2.

## CONCLUSION

Pursuant to Civil Local Rule 79-5(f)(3), the parties should file redacted versions of any documents affected by this order within 7 days. By that deadline, the parties should also file a short statement listing every document in the record currently under seal (Dkt. Nos. 1-33), indicate whether a redacted copy has been filed, and if so, provide the docket number of the redacted version. After receipt of this document, the Court will order the Clerk of Court will remove all confidentiality restrictions on those documents for which no redacted copy was filed.

**IT IS SO ORDERED.**

Dated: July 15, 2016

JAMES DONATO
United States District Judge

### 79-5(d)(B) TABLE OF REDACTIONS

| Document | Portion to be Sealed | Harm from Disclosure | Court Decision |
|---|---|---|---|
| Plaintiffs' Complaint (also attached as Ex. 1 to Macklin Declaration i/s/o Starwood's Motion to Dismiss) | ¶ 19, price term | The price term reflects a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| | ¶ 24, clause following "error and" to end of the sentence | The financial term relates to the price term and therefore reflects a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| | ¶ 26, clause following "errors and" to end of the sentence | The financial term relates to the price term and therefore reflects a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| | Fn 2 | The financial terms relate to the price term and therefore reflects a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| | ¶ 44, price term | The price term reflects a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |

| | ¶ 47, price terms | The price terms reflect trade secrets held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
|---|---|---|---|
| | ¶ 49, clause following "in addition to" to end of sentence | The financial terms relate to the price term and therefore reflect a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| | ¶ 50, "including" to end of sentence | The financial terms relate to the price term and therefore reflect a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| | ¶ 58, Term Sheet provision | The provision reflects financial terms and is a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| Complaint Ex. B: "Term Sheet" (also attached as Ex. 1 to Macklin Declaration i/s/o Starwood's Motion to Dismiss) | "Purchase Price" provision, p. 2 | The financial term reflects a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |

| | | | |
|---|---|---|---|
| | "Earnest Money", p. 2, deposit amounts | These deposit amounts relate to the price term and therefore reflect a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| | First full provision, p. 3 | The provision reflects financial terms and is a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| Memorandum of Law i/s/o Starwood's Motion to Dismiss | 4:24-5:2, Term Sheet provision | This is an excerpt from a provision that reflects financial terms and is a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| | 5:4-8, Term Sheet provision | This is an excerpt from a provision that reflects financial terms and is a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |
| | 17:11, price term | The price term reflects a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |

5

| | | | |
|---|---|---|---|
| | 18:5, price term | The price term reflects a trade secret held by Starwood the disclosure of which puts Starwood at a significant competitive disadvantage in future negotiations for the sale of this and other properties. | Granted |